Peter Scoolidge
SCOOLIDGE KLEIMAN LLP
315 W. 36th Street
New York, NY 10018
(212) 913-9455
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTERNATIONAL COUNCIL OF SHOPPING CENTERS, INC., an Illinois not-for-profit corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>INFO QUARTER LLC, a Delaware limited liability company, B2B, LLC, a California limited liability company, and SPAN INFO, LLC, a Nevada limited liability limited liability company, DEEPAK GUDURU, HEMA MALINI, JOHN DOES 1-100, and JOHN DOE CORPORATIONS 1-100,<br><br>*Defendants*. | Case Number: 17-cv-5526<br><br>**COMPLAINT**<br><br>**ECF Case**<br>**Jury Trial Demanded** |

Plaintiff International Council of Shopping Centers, Inc. ("ICSC"), by and through its attorneys Scoolidge Kleiman LLP, files this Complaint and alleges against Defendants as follows:

**NATURE OF THE ACTION**

1. ICSC is a global trade organization that works to further the interests of the shopping center industry. ICSC has registered various trademarks in the United States on, among others, the word marks "ICSC" and "RECon." ICSC hosts conferences and educational seminars domestically and worldwide and uses its marks in materials that advertise ICSC events. ICSC's valuable brand recognition has resulted in misappropriation of its marks by third parties seeking to get the attention of consumers with sales solicitations. In particular, several

enterprises, including Defendants, attempt to sell lists of ICSC event attendees to ICSC members and the general public by using ICSC's trademarks in marketing emails. ICSC now brings this action for damages and injunctive relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201 because this case involves an actual controversy arising under the Lanham Act, 15 U.S.C. §1051, et seq. The Court has supplemental jurisdiction over ICSC's state law claim under 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 USC §1391(b) because Defendants reside in and/or may be found in this judicial district, or a substantial part of the events or omissions giving rise to this action occurred in this judicial district, or a substantial part of the property that is the subject of this action is situated in this judicial district.

## PARTIES

4. Plaintiff ICSC is an Illinois not-for-profit corporation with a principal place of business in New York County in the City and State of New York.

5. Upon information and belief, Defendant Info Quarter, LLC is a Delaware limited liability company with a principal place of business in Delaware, which regularly transacts business in this district.

6. Upon information and belief, Defendant B2B, LLC is a California limited liability company with a principal place of business in California, which regularly transacts business in this district.

7. Upon information and belief, Defendant Span Info, LLC is a Nevada limited liability company with a principal place of business in Nevada, which regularly transacts business in this district.

8. Upon information and belief, Defendant Deepak Guduru is a citizen of India and a member of Span Info, LLC and regularly transacts business in this district through Span Info, LLC as his alter ego or as an agent and/or employee thereof.

9. Upon information and belief, Defendant Hema Malini is a citizen of India and a member of Span Info, LLC and regularly transacts business in this district through Span Info, LLC as her alter ego or as an agent and/or employee thereof.

10. Upon information and belief, John Does 1-100 are individuals that are members of the Defendant entities in this matter, including but not limited to Info Quarter, LLC, Span Info, LLC, B2B, LLC, and/or John Doe Corporations 1-100, and regularly transact business in this district through said entities as their alter ego or as agents and/or employees thereof.

11. Upon information and belief, John Doe Corporations 1-100 are entities used by the individual defendants and/or business entity defendants in this matter to transact business in this district as the individual defendants' alter egos or as their agents.

## FACTUAL BACKGROUND

12. ICSC is the world's largest trade organization that represents the interests of businesses and individuals involved in the shopping center business. ICSC has over 70,000 members in over 100 countries and works to advance the shopping center industry through various means, including providing educational programs and holding meetings and conferences.

13. ICSC holds an annual convention in Las Vegas, Nevada known as RECon. RECon draws over 35,000 attendees comprised of real estate and other professionals involved in the shopping center business. ICSC also hosts numerous other conferences and events in the United States and internationally, including events within this judicial district.

14. ICSC markets RECon and other events through its website and through emails to its member network and prior event attendees. ICSC uses the "ICSC" and "RECon" marks for the purposes of marketing the events and its other services.

15. The "ICSC" and "RECon" marks are strongly and exclusively associated in the minds of consumers with ICSC and its goods and services.

16. Third parties have sought to capitalize on ICSC's brand recognition by contacting ICSC members and event attendees with sales solicitations. One of these schemes involves spamming ICSC members and event attendees with emails offering to sell lists of ICSC event attendees and exhibitors, which the buyer would presumably use to market other goods and services to the attendees and exhibitors.

17. The emails sent by third parties to ICSC members and attendees generally use the terms "ICSC" or "RECon" in the body and subject lines. The third parties are not authorized by ICSC to use "ICSC" and "RECon," which are registered trademarks in the United States under Registration Nos. 2,893,230 and 3,590,485, respectively.

18. The registrations are valid and enforceable. ICSC has used the "ICSC" mark in commerce since 1978 and the mark is registered in Classes 9, 16, 35, and 41. ICSC has used the "RECon" mark in commerce since 2007 and the mark is registered in Class 35. ICSC has consistently used these marks since their respective dates of first use in the advertising, promotion, sale, and distribution of ICSC's goods and services.

19. ICSC regularly receives inquiries from its members and/or event attendees who receive Defendants' spam solicitations seeking clarification about whether ICSC is affiliated with the spammers or has endorsed their sale of marketing lists. This confusion among ICSC's members and event attendees results from the unauthorized use of ICSC's trademarks in the spam emails.

20. On March 23, 2017, an ICSC member located in Tarrytown, New York received an email from "Sophie Randall" offering to sell a list of "ICSC RECon 2017 registered [a]ttendees." The email's subject line read "RECon 2017 Registered Contacts."

21. Further investigation revealed that B2B, LLC was using Sophie Randall to generate leads, which were followed up on by an agent or employee of B2B, LLC identifying himself as "Bryan Scott." Bryan Scott continued using the same email thread begun by Sophie Randall to sell a purported list of ICSC event attendees, which included the "ICSC" and "RECon" trademarks.

22. Upon information and belief, B2B, LLC has engaged in a systematic course of conduct whereby it has caused emails to be sent to ICSC members and event attendees, which emails infringe the "ICSC" and "RECon" trademarks, and are regularly sent to recipients within this judicial district.

23. On May 2, 2017, an ICSC member received an email from "Riley Dawson" offering to sell a list of "'ICSC RECon' Attendees." The email's subject line read "ICSC RECon Attendees List."

24. Further investigation revealed that Span Info, LLC was using Riley Dawson to generate leads, which were followed up on by an agent or employee of Span Info, LLC identifying himself as "John Baker." John Baker continued using the same email thread begun by Riley Dawson to sell a purported list of ICSC event attendees, which included the "ICSC" and "RECon" trademarks.

25. Upon information and belief, Span Info, LLC has engaged in a systematic course of conduct whereby it has caused emails to be sent to ICSC members and event attendees, which emails infringe the "ICSC" and "RECon" trademarks, and are regularly sent to recipients within this judicial district.

26. On May 9, 2017, an ICSC member received an email from "Simon Williams" offering to sell "RECon – ICSC Leasing Mall & Trade Expo 2017 Attendees business contacts." The email's subject line read "RECon 2017 - Attendees List."

27. Further investigation revealed that Defendant Info Quarter, LLC was using Simon Williams to generate leads, which were followed up on by an agent or employee of Info Quarter, LLC identifying himself as "Patrick Hopkins." Patrick Hopkins continued using the same email thread begun by Simon Williams to sell a purported list of ICSC event attendees, which included the "ICSC" and "RECon" trademarks.

28. Upon information and belief, Info Quarter, LLC has engaged in a systematic course of conduct whereby it has caused emails to be sent to ICSC members and

event attendees, which emails infringe the "ICSC" and "RECon" trademarks, and are regularly sent to recipients within this judicial district.

29. Upon information and belief, Defendants in selling or causing to be sold marketing contact lists to buyers located within this judicial district, have infringed the "ICSC" and "RECon" trademarks.

30. Defendants Deepak Guduru and Hema Malini are listed as members of Span Info, LLC in publicly available records. Upon information and belief, Defendants Guduru and Malini operate Span Info, LLC as an alter ego by transferring funds in and out of personal and corporate bank accounts, by using corporate funds and property for personal purposes, by failing to sufficiently capitalize the entity, by failing to observe organizational formalities, by sharing common office space and phone numbers with the entity, and/or other acts or omissions showing domination of the entity.

31. Upon information and belief, Defendants Guduru and Malini operate an offshore data mining business that sells inferior data products, including marketing contact lists, to primarily U.S. buyers and have used Span Info, LLC solely for the purpose of accepting payment from such buyers where the buyers require an IRS Form W-9 to pay a third-party. Further, upon information and belief, Defendants Guduru and Malini have maintained Span Info, LLC as an undercapitalized entity to avoid judgments by dissatisfied buyers and U.S. regulators.

32. Defendants John Does 1-100 are members and/or equity owners of Info Quarter, LLC, Span Info, LLC, B2B, LLC, and/or John Doe Corporations 1-100. Upon information and belief, Defendants John Does 1-100 operate Info Quarter, LLC, Span Info, LLC, B2B, LLC, and/or John Doe Corporations 1-100 as alter egos by transferring funds in and out of personal and corporate bank accounts, by using corporate funds and property for personal purposes, by failing to sufficiently capitalize the entities, by failing to observe organizational formalities, by sharing common office space and phone numbers with the entities, and/or other acts or omissions showing domination of the entities.

33. Upon information and belief, Defendants John Does 1-100 operate an offshore data mining business that sells inferior data products, including marketing contact lists, to primarily U.S. buyers and have used Info Quarter, LLC, Span Info, LLC, B2B, LLC, and/or John Doe Corporations 1-100 solely for the purpose of accepting payment from such buyers where the buyers require an IRS Form W-9 to pay a third-party.  Further, upon information and belief, Defendants John Does 1-100 have maintained Info Quarter, LLC, Span Info, LLC, B2B, LLC, and/or John Doe Corporations 1-100 as undercapitalized entities to avoid judgments by dissatisfied buyers and U.S. regulators.

34. Upon information and belief, Defendants have used agents and/or employees to carry out the acts of infringement described above, have an apparent or actual partnership with such agents and/or employees, such agents and/or employees have authority to bind Defendants to contracts with third-parties, and/or exercise joint ownership and/or control over the infringing products.  Upon information and belief, Defendants have shared their profits earned through the above-described infringing activities with the agents and/or employees.

35. In undertaking the conduct described above, Defendants have used terms that are identical to ICSC's word marks in Defendants' solicitations.

36. Upon information and belief, Defendants have used and are using the "ICSC" and "RECon" marks in their email solicitations with full knowledge of ICSC's prior and exclusive rights in those marks and in an effort to misappropriate the goodwill, reputation, and fame of the marks.  Defendants' use of the marks has caused actual confusion and/or the likelihood of confusion among consumers.

37. ICSC has not authorized Defendants to use the "ICSC" or "RECon" marks.

**FIRST CAUSE OF ACTION**
**(Trademark Infringement Under Section 32(1) of the Lanham Act)**

38. ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

39. Defendants' unauthorized use in commerce of the "ICSC" and "RECon" marks as alleged herein is a use in commerce of a reproduction, copy, and colorable imitation of the federally registered "ICSC" and "RECon" marks in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

40. Defendants' use of the "ICSC" and "RECon" marks creates the likelihood that members of the relevant public will be confused into mistakenly believing that the services and/or products sold under the "ICSC" and "RECon" marks are in some manner associated or connected with ICSC and its "ICSC" and "RECon" marks and products and/or services sold under the "ICSC" and "RECon" marks.

41. Defendants' conduct complained of herein was and is intentional and willful. Defendants' acts complained of herein have damaged ICSC and, unless enjoined, will continue to damage and cause irreparable injury to ICSC's reputation and goodwill. ICSC has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (False Designation of Origin and False Representations in Commerce Under Section 32(1) of the Lanham Act)

42. ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

43. Defendants' use of the "ICSC" and "RECon" marks as alleged herein constitutes the use of false designations of origin in commerce and false representations in commerce that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with ICSC or its "ICSC" and "RECon" marks, or as to the origin, sponsorship, or approval of Defendants' goods.

44. Defendants' conduct complained of herein was and is intentional and willful. Defendants' acts complained of herein have damaged ICSC and, unless enjoined, will

continue to damage and cause irreparable injury to ICSC's reputation and goodwill. ICSC has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### (Unfair Competition Under Section 43(a) of the Lanham Act)

45.    ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

46.    Defendants' use of the "ICSC" and "RECon" marks constitutes unfair competition in that such activities create the likelihood that members of the relevant public will be confused into mistakenly believing that this use and Defendants and their products and/or services are in some manner associated or connected with ICSC, its "ICSC" and "RECon" marks, and products and/or services sold under the "ICSC" and "RECon" marks.

47.    Defendants' conduct complained of herein was and is intentional and willful. Defendants' acts complained of herein have damaged ICSC and, unless enjoined, will continue to damage and cause irreparable injury to ICSC's reputation and goodwill. ICSC has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition and Trademark Infringement)

48.    ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

49.    Defendants' unlawful conduct as alleged herein has violated and infringed ICSC's common law rights in its "ICSC" and "RECon" and has otherwise competed unfairly with ICSC in violation of the common law of the State of New York.

50.    Defendants' unauthorized use of ICSC's marks has caused confusion with ICSC's activities in the minds of consumers, and/or is likely to cause confusion.

51.    Defendants have acted unfairly in tricking consumers into believing that Defendants are affiliated with ICSC or that ICSC has endorsed Defendants' services and/or

products. Upon information and belief, Defendants have also acted unfairly in selling consumers a false list of contact information.

52. ICSC has full common law rights in the "ICSC" and "RECon" marks in addition to its rights under the Lanham Act.

53. Defendants' have infringed ICSC's common law trademark rights under New York law.

54. Defendants' conduct complained of herein was and is intentional and willful. Defendants' acts complained of herein have damaged ICSC and, unless enjoined, will continue to damage and cause irreparable injury to ICSC's reputation and goodwill. ICSC has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, ICSC prays:

a) For a judgment that Defendants and each of them, directly, vicariously, and/or contributorily: (i) have violated Section 32(1) of the Lanham Act; (ii) have violated Section 43(a) of the Lanham Act; and (iii) have engaged in unfair competition and infringement of ICSC's common law trademark rights;

b) For temporary, preliminary and permanent injunctions, restraining and enjoining each of the Defendants, and their respective and common agents, employees, representatives, servants, successors, assigns, and all those acting under their control or the control of any of the foregoing persons and/or on their behalf and/or in concert with them, from continuing to use the "ICSC" and "RECon" marks, and from otherwise unfairly competing with ICSC;

c) That Defendants be required to pay ICSC such damages as ICSC has sustained by reason of the aforementioned violations to the full extent provided for by Sections 32(1) and 43(a) of the Lanham Act, and that those damages be trebled pursuant to 15 U.S.C. §1117 in view of the willfulness of Defendants' actions;

d) Directing Defendants or their attorneys to file with this Court and serve upon ICSC's counsel within 30 days of entry of judgment a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the requirements of the injunction and order;

e) That ICSC be awarded all of ICSC's costs in this action, including ICSC's reasonable attorneys' fees and expenses;

f) That ICSC be awarded such other and further relief as may be deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues that may be tried to a jury.

Date: July 20, 2017                                  Respectfully submitted,


                                                      /s/ *Peter Scoolidge*
                                                     Peter Scoolidge (PS7107)
                                                     *Peter@ScoolidgeLLP.com*
                                                     SCOOLIDGE KLEIMAN LLP
                                                     315 West 36th Street
                                                     New York, NY  10018
                                                     Tel:  (212) 913-9455
                                                     Fax: (866) 344-5070

                                                     *Attorneys for Plaintiff.*