UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



International Council of Shopping Centers, Inc.,

Plaintiff,

—v—

Info Quarter, LLC, and Sankalp Shettar,

Defendants.

17-CV-5526 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On January 29, 2019, Plaintiff moved for default judgment against Defendants. Dkt. No. 81. For the following reasons, Plaintiff's motion is granted in part and denied in part.

I. Background

A. Factual Background

The Court assumes familiarity with this case, which was the subject of an earlier Memorandum Opinion & Order denying Defendants' motion to dismiss. Dkt. No. 56.

Plaintiff International Council of Shopping Centers, Inc. ("ICSC") is a trade organization that works to further the interests of the shopping center industry. Sec. Am. Compl. ¶ 1. ICSC holds an annual convention in Las Vegas, Nevada, known as "RECon." Sec. Am. Compl. ¶ 8. ICSC has registered various trademarks on the words "ICSC" and "RECon." Sec. Am. Compl. ¶¶ 1, 13. ICSC advertises RECon and other events through its website and through emails to its members and prior event attendees. Sec. Am. Compl. ¶ 9.

Defendant Info Quarter, LLC ("Info Quarter") is a Delaware limited liability company. Sec. Am. Compl. ¶ 5. Defendant Sankalp Shettar is citizen of India and is the proprietor of Defendant Info Quarter. Sec. Am. Compl. ¶ 6. Mr. Shettar operates an offshore data mining

1

business that sells marketing contact lists. Sec. Am. Compl. ¶ 41. Defendants, have "sought to capitalize on ICSC's brand recognition by contacting ICSC members and event attendees with sales solicitations." Sec. Am. Compl. ¶ 11. This includes "spamming ICSC members and event attendees with emails offering to sell lists of ICSC event attendees and exhibitors, which the buyer would presumably use to market other goods and services to the attendees and exhibitors." Sec. Am. Compl. ¶ 11. The emails sent by Defendants regularly use "ICSC" and "RECon" in the body and subject lines, and their use is not authorized. Sec. Am. Compl. ¶ 12. ICSC regularly receives inquiries from its members and event attendees seeking clarification about whether ICSC is affiliated with these third party emails. Sec. Am. Compl. ¶ 14.

Defendants registered for an ICSC membership in order to access the ICSC member directory. Sec. Am. Compl. ¶ 18. Defendants then scraped the directory for member contact information, which they used to send spam emails to ICSC members offering to sell ICSC member and/or event attendee lists. Sec. Am. Compl. ¶ 18. The registration process requires applicants to agree to ICSC's Terms and Conditions for Membership. Sec. Am. Compl. ¶ 19. The Terms and Conditions requires members to refrain from using the "ICSC name in any matter that implies ICSC approval . . . [and the] ICSC name and logo may not be used in any other manner without the prior written consent of ICSC." Sec. Am. Compl. ¶ 20. The Terms and Conditions also state: "The ICSC Membership Directory is proprietary . . . You are prohibited from copying, reproducing, selling or distributing the ICSC Membership Directory in whole or part." Sec. Am. Compl. ¶ 21.

Plaintiff alleges six causes of action in the second amended complaint: (1) Trademark Infringement under Section 32(1) of the Lanham Act (2) False Designation of Origin and False Representations in Commerce Under Section 32(1) of the Lanham Act (3) Unfair Competition

Under Section 43(a) of the Lanham Act (4) Common Law Unfair Competition and Trademark Infringement (5) Unjust Enrichment and (6) Breach of Contract. Sec. Am. Compl. ¶¶ 47-74.

### B. Procedural Background

After the Court denied Defendants' motion to dismiss, Dkt. No. 56, the Court scheduled an initial pretrial conference. Dkt. No. 57. On November 21, 2018, counsel for Defendants, David Lin, moved to withdraw from the case, as Defendants had failed to pay their legal fees for several months, and had never fully paid their accrued fees. *See* Dkt Nos. 61-63. The Court granted Mr. Lin's motion and stayed the action for 30 days "to allow Defendants to obtain new counsel and for that new counsel to file a notice of appearance or, alternatively, for the individual Defendant pro se to file a notice of appearance." Dkt. No. 65. On January 8, 2019, the Court issued an Order that explained "[t]o date, no new counsel has appeared on behalf of Defendants, nor has the individual Defendant pro se filed a notice of appearance." Dkt. No. 68. The Court adjourned the initial pretrial conference and ordered Plaintiff to move for default judgment against Defendants. *Id.* The Clerk entered a Certificate of Default, Dkt. No. 76, and then Plaintiff moved for default. Dkt. No. 81.

## II. Legal Standard

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates

the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 54(c).

Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop*, 645 F.3d at 137. Once a party is in default, "a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs., Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). But because a party in default does not admit conclusions of law, a district court must determine whether the plaintiff's allegations are sufficient to establish the defendant's liability as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor. *Belizare*, 61 F. Supp. 3d at 344.

## III. Discussion

### A. Default Judgment on Plaintiff's Infringement, False Designation, and Unfair Competition Claims Is Warranted

The first three counts of Plaintiff's complaint allege trademark infringement, false designation, and unfair competition claims in violation of the Lanham Act, 15 U.S.C. § 1114 and § 1125(a). *See* Sec. Am. Compl. ¶¶ 47-56.

Section 32 of the Lanham Act provides that:

(1) Any person who shall, without the consent of the registrant—
    (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale . . . or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

4

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such . . . to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale . . .or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action . . .

15 U.S.C. §§ 1114(1)(a)-(b).

The Lanham Act also bars as false designation the use in commerce of any word, term, name, symbol, device, or combination thereof, which is likely to cause confusion as to the origin, sponsorship, or approval of a person's goods with those of another person or which misrepresents the nature, characteristics, qualities, or geographic origin of another person's goods. 15 U.S.C. § 1125(a)(1)(A)–(B). And a "Lanham Act unfair competition claim examines 'whether the public is likely to be misled into believing that the defendant is distributing products manufactured or vouched for by the plaintiff.'" *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F.Supp.3d 494, 513 (S.D.N.Y. 2014) (quoting *Warner Bros., Inc. v. Gay Toys, Inc.*, 658 F.2d 76, 79 (2d Cir. 1981)).

Despite differences in the statutory language, the same legal test applies to all three claims asserted here. *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003). Courts ask whether the allegedly infringed mark "is entitled to protection" and, if so, "whether use of the allegedly infringing mark is likely to cause consumer confusion as to the origin or sponsorship of the products to which it is attached." *Cross Commerce Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 168 (2d Cir. 2016) (quotation omitted). As to the first element, "[a] certificate of registration with the Patent and Trademark Office is prima facie evidence that the mark is registered and valid." *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999). To assess the likelihood of confusion between the two marks, the Court looks to the factors articulated in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d

5

Cir. 1961) (considering the strength of the senior mark, the similarity of the marks, the proximity of the products in the marketplace, the likelihood that the owner of the senior mark will bridge the gap, actual confusion, the presence of bad faith on the part of the defendant, the quality of the defendant's products, and consumer sophistication).

Both elements are met in this case. Plaintiff alleges that it has registered trademarks for "ICSC" and "RECon." Sec. Am. Compl. ¶¶ 1, 12-13. And, taking the allegations in Plaintiff's complaint as true, Defendants regularly use "ICSC" and "RECon" in an unauthorized manner. *See* Sec. Am. Compl. ¶¶ 14. As a result, Plaintiff regularly receives inquiries from individuals who receive Defendants' solicitations seeking clarification about whether Plaintiff is affiliated with Defendants and endorsed their sale of marketing lists. *Id.* These allegations are sufficient to support the conclusion that the second element is met, and the marks used by Defendants are likely to cause consumer confusion. *See Cross Commerce Media, Inc.*, 841 F.3d at 168. On this basis, the Court finds that default judgment on Plaintiff's first three causes of action is warranted.

### B. Default Judgment on Plaintiff's Unfair Competition Claim is Warranted

Plaintiff alleges unfair competition in violation of New York common law. Sec. Am. Compl. ¶¶ 57-63.

To state a claim for unfair competition under New York common law, a plaintiff must allege (1) bad faith (2) misappropriation of the labors and expenditures of another that is (3) likely to cause confusion. *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34–35 (2d Cir. 1995). A plaintiff has carried this burden when it states a Lanham Act claim coupled with a showing of bad faith or intent. *See Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 157 (E.D.N.Y. 2016). Because Plaintiff has made out a Lanham Act claim, and has alleged willful intent on the part of Defendants, *see* Sec. Am. Compl. ¶¶ 50, 53,

6

56, 63, default judgment is warranted on Plaintiff's unfair competition claim.

### C. Default Judgment on Plaintiff's Breach of Contract Claim and Unjust Enrichment Claim Is Not Warranted

Plaintiff also alleges breach of contract and unjust enrichment. Sec. Am. Compl. ¶¶ 64-74. To state a claim for breach of contract under New York law, a plaintiff must allege: (1) the existence of a contract, (2) the adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages. *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 429 F.3d 39, 41-42 (2d Cir. 2005). The elements of unjust enrichment under New York law are "(1) defendant was enriched; (2) at plaintiff's expense; and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch, Ltd. v. Phoenix Pictures, Inc.*, 373 F.2d 296, 306 (2d Cir. 2004).

Plaintiff's only argument as to why the Court should grant liability on these two counts is that because the Court denied Defendants' motion to dismiss the unjust enrichment and breach of contract claims, default judgment is warranted. *See* Dkt. No. 82 at 4-5. This is insufficient. As to the breach of contract claim, Plaintiff has not specified the measure of damages, which is required when it moves for default judgment. *See, e.g., TheECheck.com, LLC v. NEMC Fin. Servs. Grp. Inc.*, No. 16-CV-8722 (PKC), 2017 WL 2627912, at *4 (S.D.N.Y. June 16, 2017) (specifying damage amount); *Mister Softee, Inc. v. Tsirkos*, No. 14-CV-1975 (LTS), 2015 WL 7458619, at *6 (S.D.N.Y. Nov. 23, 2015) (same); *Scores Holding Co. Inc. v. CJ NYC Inc.*, No. 17-CV-0020 (RA), 2017 WL 2297014, at *2 (S.D.N.Y. May 24, 2017) (same). As for the unjust enrichment claim, Plaintiff has not made a showing for why the unjust enrichment claim is not duplicative of the Lanham Act claims—and courts in this courts in this circuit frequently dismiss unjust enrichment claims brought in Lanham Act cases. *See, e.g., WowWee Grp. Ltd. v. Meirly*, No. 18-CV-706 (AJN), 2019 WL 1375470, at *8 (S.D.N.Y. Mar. 27, 2019); *Boost Worldwide,*

*Inc. v. Talk Til U Drop Wireless, Inc.*, No. 14-CV-86 (MAD), 2014 WL 5026777, at *2 n.2 (N.D.N.Y. Oct. 8, 2014); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 483–84 (S.D.N.Y. 2014). The same result is warranted here. Accordingly, Plaintiff's motion for default judgment on its breach of contract and unjust enrichment claims is denied.

## IV. Remedies

Having concluded that Plaintiff has established liability as to its trademark claims, the Court turns next to remedies. Plaintiff only seeks entry of a permanent injunction in light of its Lanham Act claims.

The Court has authority to grant injunctive relief to prevent further violations of a plaintiff's trademarks. 15 U.S.C. § 1116. When, as here, a plaintiff has succeeded on the merits, a permanent injunction is appropriate if the plaintiff has demonstrated (1) that it suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties warrants a remedy in equity for the plaintiff; and (4) that the public interest would not be disserved. *eBay Inc. v. Merc Exchange, LLC*, 547 U.S. 388, 391 (2006); *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 539 (S.D.N.Y. 2011) (extending the *eBay/Salinger* standard to trademark infringement actions), *aff'd*, 511 F. App'x 81 (2d Cir. 2013) (summary order).

All of these factors favor issuing the requested permanent injunction. "Irreparable harm exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark . . . because loss of control over one's reputation is neither calculable nor precisely compensable.'" *U.S. Polo Ass'n*, 800 F. Supp. 2d at 540 (quotation and internal quotation marks omitted). Plaintiff's allegations of consumer confusion, and injury to Plaintiff's brand, which are admitted by virtue of Defendants' default, suffice to make this

showing. *See* Sec. Am. Compl. ¶¶ 14, 43-47. Further, Defendants' past conduct raises a likelihood that they will continue to infringe Plaintiff's trademark if the preliminary injunction is lifted. The risk of this continued activity establishes the second element: a plaintiff has no adequate remedy at law if, absent an injunction, "the defendant is likely to continue infringing" its intellectual property rights. *Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 553 (S.D.N.Y. 2008).

The balance of hardships similarly favors issuing the requested injunction, because "it is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (quotation omitted). Finally, "the public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *N.Y.C. Triathlon, LLC v. Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010). Accordingly, a permanent injunction is warranted.

## V. Attorneys' Fees

Under the Lanham Act, "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Exceptional circumstances include willful infringement, and thus a "finding of willfulness determines the right to attorneys' fees." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012). Plaintiff alleged in its second amended complaint that the Defendants' actions were willful, and through their default the Defendants have admitted that allegation. *See* Sec. Am. Compl. ¶¶ 50, 53, 56, 63. Because the Court has concluded that Defendants conduct was willful, an award of fees and costs is appropriate.

Traditionally, "[i]n determining a fee award, the typical starting point is the so-called

lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty, of Albany*, 522 F.3d 182, 186 (2d Cir. 2008) ("[T]he lodestar method involved two steps: (1) the lodestar calculation; and (2) adjustment of the lodestar based on case-specific considerations.").

In support of Plaintiff's application for attorneys' fees, Plaintiff has provided an attorney declaration along with contemporaneous time records. Dkt. No. 82-1 ("Decl."). Attorneys for Plaintiff, Peter Scoolidge, and Margaret Scoolidge, are partners at the law firm Scoolidge Peters Russotti & Fox, LLP. Decl. ¶¶ 1, 18. Mr. and Ms. Scoolidge have been practicing law for ten years. Decl. ¶¶ 21-22. Both attorneys billed at an hourly rate of $300. Decl. ¶ 19. Their requested hourly rates of $300 are reasonable. *See Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at *7 (S.D.N.Y. Aug. 3, 2018), *report and recommendation adopted*, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018) (collecting cases where courts have awarded up to $500 for partners in trademark cases).

Mr. and Ms. Scoolidge spent a total of 36.71 hours on this case. *See* Dkt. No. 82-2. This included, *inter alia,* filing the complaint, filing a motion for leave to amend, responding to a motion to dismiss, discovery preparation, and filing for default judgment. Given the substantive work that was required in this case, the Court concludes that compensation for 36.71 hours is warranted. Accordingly, Plaintiff is awarded $11,013 ($300 an hour multiplied by 36.71 hours) in attorneys' fees.

Plaintiff also requests $435.20 in costs. This includes $400 for a filing fee, and $35.20 in postage. The Court concludes these costs are reasonable and awards $435.20 in costs.

## VI. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion for entry of default judgment will be GRANTED as to Defendants' liability for (1) Infringement, False Designation, and Unfair Competition Claims under the Lanham Act; and (2) common law unfair competition. Plaintiff's motion for entry of default judgment will be DENIED as to Defendants' liability for (1) breach of contract; and (2) unjust enrichment. Plaintiff's requests for a permanent injunction is also GRANTED. The Court awards $11,013 in attorneys' fees and $435.20 in costs. This resolves Docket Number 81. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: May 7, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge